IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

**COURT FILE NO.:**

GENE SCHMIDT and CHERYL SCHMIDT,
husband and wife,

      Plaintiff,

1:08-CV-029

v.

CENTRAL CREDIT SERVICES, INC., a Florida corporation,
d/b/a CENTRAL CREDIT SERVICES, d/b/a CCS

      Defendant.

---

## COMPLAINT AND JURY DEMAND

---

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### VENUE

3. Venue is proper in this District because the acts and transactions occurred here, the Plaintiffs reside here, and the Defendant transacts business here.

### PARTIES

4. Plaintiffs are natural persons who reside in the City of Bismarck, County of

1

Burleigh, State of North Dakota.

5. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant, Central Credit Services, Inc., is a Florida corporation and a collection agency operating from an address at 9550 Regency Square Boulevard, Suite 500, Jacksonville, FL 32225.

7. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. The Defendant is licensed as a collection agency by the state of North Dakota.

9. The principal purpose of the Defendant is the collection of debts using the mails and telephone, and the Defendant regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

10. Sometime before October, 2007, a financial obligation was incurred in the Plaintiff, Cheryl Schmidt's, name that was primarily for personal, family or household purposes and is a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely an amount due and owing on a personal account (hereinafter the "Account").

11. The Account is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

12. The Account went into default with the creditor.

13. Sometime thereafter, the Account was assigned, placed or otherwise transferred to the Defendant for collection from the Plaintiffs.

## DEFENDANT

14. In the year prior to the filing of the instant action the Plaintiffs received phone calls and messages from representatives, employees and / or agents of the Defendant who were attempting to collect the Account. The Plaintiffs called the Defendant in response to the telephone calls and messages. These phone calls and messages each individually constituted a "communication" as defined by FDCPA §1692a(2).

15. During the phone calls in the year prior to the filing of the instant action, representatives, employees and / or agents of the Defendant attempting to collect the Account contacted Plaintiffs while at their place of employment after being told by Plaintiff not to call at work. These statements and actions constitute violations of the FDCPA including but not limited to 1692c(a)(1), c(a)(3), and 1692d preface.

16. In the year prior to the filing of the instant action, representatives, employees and / or agents of the Defendant repeatedly called the Plaintiffs multiple times a day to annoy, abuse and harass the Plaintiffs while attempting to collect the Account. These statements and actions constitute violations of the FDCPA including but not limited to 1692c(a)(1), 1692d preface and d(5).

17. During the phone calls in the year prior to the filing of the instant action, Representatives, employees and / or agents of the Defendant threatened to take Plaintiffs to Court. These statements and actions constitute violations of the FDCPA including but not limited to 1692d preface, d(1), 1692e preface, e(5), e(7), e(10) and

1692f preface.

18. During the phone calls in the year prior to the filing of the instant action representatives, employees and / or agents of the Defendant threatened to "take action against", "take" or "put a lien on" the Plaintiffs' home. These statements and actions constitute violations of the FDCPA including but not limited to 1692d preface, 1692e preface, e(2)(A), e(4), e(5), e(7), e(10), 1692f preface, f(6)(A), f(6)(B), and f(6)(C).

19. During the phone calls in the year prior to the filing of the instant action representatives, employees and / or agents of the Defendant threatened to have Plaintiff's wages garnished. These statements and actions constitute violations of the FDCPA including but not limited to 1692e preface, e(2), e(4), e(5), e(10), 1692f preface.

20. During the phone calls in the year prior to the filing of the instant action representatives, employees and / or agents of the Defendant threatened to give Plaintiffs' personal information to an unrelated third party. These statements and actions constitute violations of the FDCPA including but not limited to 1692d preface, 1692e preface, e(5), e(8) and e(10).

21. During the phone calls in the year prior to the filing of the instant action representatives, employees and / or agents of the Defendant used angry and threatening tones to insult Plaintiffs. These statements and actions constitute

violations of the FDCPA including but not limited to 1692d preface and d(2).

22. Through the end of 2007 and continuing into 2008, representatives, employees and / or agents of the Defendant told Plaintiff that the Account was going to be turned back over to the original creditor "for further action." These statements and actions constitute violations of the FDCPA including but not limited to 1692d preface, 1692e preface, e(5), e(10) and 1692f preface.

23. There has been no legal action taken by Defendant against Plaintiffs.

24. The foregoing acts and omissions were undertaken by the Defendant and its representatives, employees and / or agents as part of a campaign of abusive and unlawful collection tactics directed at the Plaintiffs.

25. The Defendant and its representatives, employees and / or agents above listed statements and actions constitute unlawful communication with the consumer and violate FDCPA 1692c(a)(1) and c(a)(3).

26. The Defendant and its representatives, employees and / or agents above listed statements and actions constitute harassment or abuse and therefore violate FDCPA 1692d preface, d(1), d(2), and d(5).

27. The Defendant and its representatives, employees and / or agents above listed statements and actions constitute false or misleading representations and violate FDCPA 1692e preface, e(2)(A), e(4), e(5), e(7), e(8) and e(10).

28. The Defendant and its representatives, employees and / or agents above listed statements and actions involve unfair practices, false statements, humiliation and

insults in collecting a debt and therefore constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface, f(6)(A), f(6)(B) and f(6)(C).

24. The Defendant's statements and actions as well as that of its representatives, employees and / or agents were attempts to frighten, harass and abuse the Plaintiffs into paying the Account.

25. The Defendant's statements and actions as well as that of its representatives, employees and / or agents were willful, wanton and malicious violations of the FDCPA.

26. As a consequence of the Defendant's collection activities and communications, the Plaintiff has suffered economic loss, loss of self-esteem and peace of mind, and has suffered emotional distress, humiliation and embarrassment.

## **RESPONDEAT SUPERIOR**

27. The representatives and / or collectors at the Defendant were employees of and agents for the Defendant, were acting within the course and scope of their employment at the time of the incidents complained of herein and were under the direct supervision and control of the Defendant at all times mentioned herein.

28. The actions of the representatives and / or collectors of the Defendant are imputed to their employer, the Defendant.

29. As a direct and proximate result of the aforesaid actions, the Plaintiffs have suffered the aforementioned damages.

## COUNT I, FDCPA VIOLATIONS

30. The previous paragraphs are incorporated into this Count as if set forth in full.

31. The acts and omissions of the Defendant and its representatives, employees and / or agents constitute numerous and multiple violations of the FDCPA, including but not limited to § 1692c(a)(1), c(a)(3), § 1692d preface, d(1), d(2), d(5), § 1692e preface, e(2)(A), e(4), e(5), e(7), e(8), e(10), § 1692f preface, f(6), f(6)(A), f(6)(B), and f(6)(C).

32. The Defendant's violations are multiple, willful and intentional.

33. Pursuant to FDCPA §1692k the Plaintiffs are entitled to actual damages, statutory damages up to $1,000.00, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiffs are entitled to and hereby demands a trial by jury. US Const. amend. 7., Fed. R. Civ. Pro. 38.

## PRAYER

**WHEREFORE,** the Plaintiffs pray that the Court grants the following:

1. Actual damages under 15 USC § 1692k(a)(1).

2. Statutory damages under 15 USC § 1692k(a)(2)(A).

3. Reasonable attorneys fees and costs pursuant to 15 USC § 1692k(a)(3).

4. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

Stanley J. Boehm, Esq.
Attorney for the Plaintiff
233 W. Rosser Avenue
Bismarck, ND 58501
(701) 222-4488
stanboehm@hotmail.com